1  Paul A. Kampmeier, WSBA #31560
   KAMPMEIER & KNUTSEN PLLC
2  615 Second Avenue, Suite 360
   Seattle, Washington 98104
3  Tel: (206) 223-4088 x 4
4  paul@kampmeierknutsen.com

5  *Attorneys for Plaintiff Friends of the Earth*

6

7

8

9

10                 IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF WASHINGTON
11                           AT SEATTLE

12

13  FRIENDS OF THE EARTH, a District of
    Columbia non-profit corporation,
14                                              Case No. 2:18-cv-00677
               Plaintiff,
15
          v.                                    COMPLAINT
16
    U.S. ARMY CORPS OF ENGINEERS, an
17  agency of the United States of America,
18             Defendant.
19

20                           **INTRODUCTION**

21       1.      This is an action against the U.S. Army Corps of Engineers ("the Corps") for vio-

22  lations of the Freedom of Information Act ("FOIA" or "Act"), 5 U.S.C. § 552, *as amended*. Un-

23  der the judicial review provisions of both the FOIA and the Administrative Procedure Act

24  ("APA"), 5 U.S.C. §§ 701–706, Plaintiff Friends of the Earth ("Friends") seeks relief regarding a

25  FOIA request it submitted to the Corps on July 10, 2017 ("FOIA Request") and regarding an ad-

26
27  ministrative FOIA appeal it submitted to the Corps on August 31, 2017 ("FOIA Appeal").

28

COMPLAINT - 1                                    Kampmeier & Knutsen PLLC
                                                 615 Second Avenue, Suite 360
                                                  Seattle, Washington 98104
                                                    (206) 223-4088 x 4

2.      The purpose of the FOIA is "to establish a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." S. Rep. No. 89-813, 1st Sess., at 3 (1965). The FOIA therefore requires federal agencies to disclose records in a timely manner to any person upon request unless the information falls within one of nine narrow disclosure exemptions in the Act. *See* 5 U.S.C. § 552(a)(3)(A), (b).

3.      Federal agencies generally must determine within twenty business days whether requested records are exempt from withholding and, if they are not, the agency must promptly disclose the records to the requester. 5 U.S.C. § 552(a)(6)(A)(i); *id.* at § 552(a)(3)(A), (a)(6)(C)(i). If an agency makes an adverse determination on a FOIA request, the requester may appeal that determination to the agency, which must then make a determination on the administrative appeal within twenty days of receiving it. *Id.* at § 552 (a)(6)(A)(i)(III)(aa), (a)(6)(A)(ii).

4.      Friends is filing this lawsuit because the Corps has failed to make and communicate the agency's final determination on Friends' FOIA Appeal, failed to make and communicate the disclosure determinations required by the FOIA for the responsive records in its possession, failed to act within applicable deadlines, and failed to provide Friends with an estimated date by which it would complete its response to Friends' FOIA Appeal.

5.      The Corps is unlawfully withholding its final appeal determination, as well as the documents sought by Friends, documents to which Friends is entitled and for which no valid disclosure exemptions apply. Friends therefore seeks a declaration that the Corps has violated the FOIA and an order from the Court compelling the Corps to make the required determinations and disclosures by a date certain.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA) and

COMPLAINT - 2

Kampmeier & Knutsen PLLC
615 Second Avenue, Suite 360
Seattle, Washington 98104
(206) 223-4088 x 4

28 U.S.C. §§ 1331 (federal question), 1346 (United States as defendant), 2201 (declaratory judg-ment), and 2202 (further relief).

7.      This Court is the proper venue for this case because, pursuant to 5 U.S.C. § 552(a)(4)(B), the records responsive to Friends' FOIA Request are located in this district and because, under 28 U.S.C. § 1391(e), a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this district.

**PARTIES**

8.      Plaintiff FRIENDS OF THE EARTH is a non-profit entity organized under Sec-tion 501(c)(3) of the Internal Revenue Code, with its principal place of business in Washington, D.C., and an office in Berkeley, California. Friends of the Earth is one of seventy-four national member groups of Friends of the Earth International, a global network representing more than two million activists around the world. In the United States, Friends advocates in the halls of Congress, in state capitals, and with community groups around the country. With offices and members in all fifty states, Friends urges policymakers to defend the environment and work to-ward a healthy environment for all people.

9.      The information Friends seeks from the Corps through its FOIA Request will fur-ther Friends' mission as a non-profit environmental advocacy organization, in particular its ef-forts in the Pacific Northwest to catalog and assess the risks from oil shipping terminals. Friends disseminates information to educate the public on current environmental policy issues. Almost all of Friends' staff members are engaged in disseminating information to the public. In addition to press releases, Friends disseminates information through press briefings and radio and televi-sion interviews. Friends also maintains a website that disseminates information about key envi-ronmental issues to the public. Friends' staff members respond to questions from the public about environmental issues and disseminate information in responding to those questions. They

COMPLAINT - 3

Kampmeier & Knutsen PLLC
615 Second Avenue, Suite 360
Seattle, Washington 98104
(206) 223-4088 x 4

1  also distribute email messages with information on environmental issues several times per week;

2  distribute letter mailings multiple times per year; release a quarterly "Newsmagazine"; and dis-

3  tribute information through multiple social networking sites and pages and at public events.

4      10.    The above-described interests of Friends and its members have been, are being,

5  and, unless the relief prayed for herein is granted, will continue to be adversely affected by the

6  Corps' disregard of its statutory duties under the FOIA and by the unlawful harm that results.

7  The Corps' failure to fully implement the FOIA injures the interests of Friends and its members

8  and the relief requested in this lawsuit can redress these injuries. These harms are traceable to the

9  Corps' conduct and would be remedied by the relief sought in this action.

10     11.    Defendant the UNITED STATES ARMY CORPS OF ENGINEERS is an admin-

11 istrative component of the United States Department of Defense. It is an agency of the executive

12 branch of the United States government subject to the FOIA, pursuant to 5 U.S.C. § 552(f), and

13 subject to the judicial review provisions of the APA, 5 U.S.C. §§ 701–702. The Corps is in pos-

14 session or control of public records requested and sought by Friends.

## STATUTORY BACKGROUND

15     12.    The purpose of the FOIA is "to open agency action to the light of public scru-

16 tiny." *U.S. DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 772 (1989) (quot-

17 ing *Dep't of the Air Force v. Rose*, 425 U.S. 352, 372 (1976)). "Congress believed that this phi-

18 losophy, put into practice, would help 'ensure an informed citizenry, vital to the functioning of a

19 democratic society.'" *U.S. DOJ v. Tax Analysts*, 492 U.S. 136, 142 (1989) (quoting *NLRB v.*

20 *Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978)).

21     13.    The FOIA requires federal agencies to make records in their possession or control

22 available to the public upon request unless one of the FOIA's nine specific exemptions applies. 5

23 U.S.C. § 552(a), (b)(1)–(9). Federal agencies bear the burden of demonstrating to a court that any

COMPLAINT - 4

Kampmeier & Knutsen PLLC
615 Second Avenue, Suite 360
Seattle, Washington 98104
(206) 223-4088 x 4

1  withholding of responsive records is consistent with the FOIA. 5 U.S.C. § 552(a)(4)(B). Even if

2  an agency meets its burden to prove that a responsive record contains information that is exempt

3  from disclosure, the agency must nevertheless disclose any non-exempt information if it can be

4  segregated from the exempt materials. 5 U.S.C. § 552(b).

5      14.     FOIA Exemption 5 ("Exemption 5") allows, but does not require, federal agencies

6  to withhold records that are "inter-agency or intra-agency memorandums or letters which would

7  not be available by law to a party other than an agency in litigation with the agency." *Id.*

8  § 552(b)(5). Courts have interpreted Exemption 5 to incorporate several common law discovery

9  privileges that apply to the government in litigation, including, *inter alia*, documents covered by

10 the deliberative process privilege. *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975);

11 *Maricopa Audubon Soc'y v. U.S. Forest Serv.*, 108 F.3d 1082, 1084 n.1 (9th Cir. 1997).

12     15.     To ensure a requester receives all requested documents, the FOIA requires agen-

13 cies to conduct a search that is reasonably calculated to uncover all records responsive to the re-

14 quest. 5 U.S.C. § 552(a)(3)(C)–(D).

15     16.     The FOIA imposes strict and rigorous deadlines on federal agencies. The FOIA

16 requires a federal agency that receives a FOIA request to determine whether the requested rec-

17 ords are exempt from disclosure under 5 U.S.C. § 552(b) and to communicate that determination

18 to the requester within twenty business days. *Id.* § 552(a)(6)(A)(i). If the agency determines the

19 requested records are exempt from public disclosure, the agency must also communicate to the

20 requester that they have a right to appeal that determination. *Id.* If the agency determines the rec-

21 ords are not exempt from public disclosure, the agency is required to make the requested records

22 "promptly available" to the requester. *Id.* § 552(a)(3)(A), (a)(6)(C)(i).

23     17.     If an agency makes an adverse determination on a FOIA request, the requester

---

COMPLAINT - 5

Kampmeier & Knutsen PLLC
615 Second Avenue, Suite 360
Seattle, Washington 98104
(206) 223-4088 x 4

1    may appeal that determination to the agency, which must then make a determination on the ad-

2    ministrative appeal within twenty days of receiving it, absent unusual circumstances. *Id.*

3    § 552(a)(6)(A)(i)(III)(aa), (a)(6)(A)(ii).

4
         18.    In addition to imposing response deadlines, the FOIA also requires federal agen-

5
     cies to communicate with requesters about the status of the agencies' efforts to respond to a

6
     FOIA request. Specifically, the FOIA requires agencies to assign tracking numbers to each re-

7
8    quest that will take longer than ten days to process; to provide that tracking number to each per-

9    son making such a request; and to establish a telephone line or internet service that provides in-

10   formation about the status of a request to the requester, including an estimated date by which the

11   agency will complete its work. *Id.* § 552(a)(7). Courts have construed these provisions to include

12   a requirement that agencies, upon request, provide estimated completion dates to requesters. *See,*

13
     *e.g.*, *Sierra Club v. U.S. EPA*, 75 F. Supp. 3d 1125, 1146 (N.D. Cal. 2014) ("[T]he Court finds

14
15   that the EPA acted unreasonably when it failed to inform Plaintiffs of an estimated completion

16   date . . . .").

17       19.    A U.S. District Court has jurisdiction "to enjoin the agency from withholding

18   agency records and to order the production of any agency records improperly withheld from the

19   complainant."

20
         20.    Agency action under the FOIA is also subject to judicial review under the APA.

21
     *Or. Natural Desert Ass'n v. Gutierrez*, 409 F. Supp. 2d 1237, 1248 (D. Or. 2006) (violation of

22
23   the FOIA's decision deadline constitutes agency action that is not in accordance with the law).

24   Under the judicial review provisions of the APA, district courts are authorized to compel agency

25   action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1). District courts must also

26   set aside any agency action found to be arbitrary, capricious, an abuse of discretion, not in ac-

27   cordance with law, or made without observation of required procedures. *Id.* § 706(2).

28

COMPLAINT - 6

Kampmeier & Knutsen PLLC
615 Second Avenue, Suite 360
Seattle, Washington 98104
(206) 223-4088 x 4

**STATEMENT OF FACTS**

21.     On July 10, 2017, Friends submitted a FOIA request to the Corps asking for the updated biological assessment that BP PLC ("BP") submitted to the Corps for the Cherry Point Marine Terminal, an oil barge terminal located in Washington State.

22.     By letter dated July 26, 2017, the Corps denied Friends' FOIA Request, invoking FOIA Exemption 5. The Corps stated that it was withholding the Biological Evaluation Friends requested ("the BE") in its entirety because it was pre-decisional and part of the Corps' delibera-tive process under Section 7 of the Endangered Species Act, 16 U.S.C. §1536.

23.     The BE is not a federal agency document. The Corps did not prepare the BE. No other federal agency prepared the BE.

24.     BP hired a consultant to prepare the BE. The consultant that BP hired prepared the BE. BP and its consultant were not acting as government employees would when they drafted the BE.

25.     The Corps did not hire BP, or BP's consultant, to prepare the BE. No other federal agency hired BP, or BP's consultant, to prepare the BE.

26.     The Corps did not request BP, or BP's consultant, to prepare the BE. No other federal agency requested BP, or BP's consultant, to prepare the BE.

27.     The Corps did not solicit BP, or BP's consultant, to prepare the BE. No other fed-eral agency solicited BP, or BP's consultant, to prepare the BE.

28.     BP is the applicant and proponent of the Cherry Point Marine Terminal.

29.     BP and any consultant working for BP were private actors communicating with the government, in pursuit of BP's own interests, when they wrote and submitted the BE to the Corps.

30.     BP's interests might be affected by government action addressed in the BE.

COMPLAINT - 7

Kampmeier & Knutsen PLLC
615 Second Avenue, Suite 360
Seattle, Washington 98104
(206) 223-4088 x 4

1
2
3
4
5
6

31.     The Corps submitted the BE prepared by BP's consultant to the U.S. Fish and Wildlife Service as part of the consultation process under Section 7 of the Endangered Species Act, 16 U.S.C. § 1536. The Corps submitted the BE prepared by BP's consultant to NOAA's National Marine Fisheries' Service as part of the consultation process under Section 7 of the Endangered Species Act, 16 U.S.C. § 1536.

7

32.     The BE is not subject to any privilege that prevents disclosure of it to Friends.

8

33.     Disclosure of the BE to Friends would not harm the Corps.

9
10
11
12
13

34.     By letter dated August 31, 2017, Friends filed an administrative appeal of the Corps' denial of its FOIA Request. Among other things, Friends challenged the Corps' application of Exemption 5 to the BE and the Corps' failure to disclose reasonably segregable portions of the BE.

14
15
16
17
18
19
20
21
22
23

35.     Having not received any acknowledgement or response from the Corps regarding Friends' FOIA Appeal, by letter dated October 31, 2017, Friends informed the Corps that it was in violation of the FOIA's deadline requirements and offered to assist the Corps with resolving the FOIA Appeal. Friends' October 31, 2017 letter explained that Friends was not exercising its legal option to file suit under the FOIA to compel compliance with FOIA's deadline and disclosure requirements because Friends preferred a cooperative approach to resolving its concerns. Friends' October 31, 2017 letter requested that that the Corps respond to the letter and provide Friends with an estimated date by which the Corps would resolve the FOIA Appeal or disclose the BE.

24
25
26
27

36.     The Corps did not contact Friends in response to the October 31, 2017 letter. The Corps did not provide Friends with an estimated completion date after receiving Friends' October 31, 2017 letter.

28

37.     By letter dated December 8, 2017, Friends again informed the Corps that it was in

COMPLAINT - 8

Kampmeier & Knutsen PLLC
615 Second Avenue, Suite 360
Seattle, Washington 98104
(206) 223-4088 x 4

violation of the FOIA and again offered to assist the Corps in any way possible to facilitate its

response to the FOIA Appeal and the disclosure of the BE. Friends' December 8, 2017 letter

again requested an estimated completion date.

38.    By letter dated December 12, 2017, the Corps acknowledged that it received

Friends' FOIA Appeal on September 7, 2017 and assigned the FOIA Appeal tracking number

FP-17-024279. The Corps had not previously provided Friends with a tracking number for the

FOIA Request or Appeal. The Corps' December 12, 2017 letter explained that the Corps had for-

warded Friends' FOIA Appeal to another office for adjudication but did not provide Friends with

an estimated date by which the Corps would respond to the FOIA Appeal.

39.    As of the date Friends filed this lawsuit, the Corps had not contacted Friends

about the FOIA Appeal since December 12, 2017.

40.    The deadline for the Corps to issue the final determinations required by 5 U.S.C.

§ 552(a)(6)(A)(ii) for Friends' FOIA Appeal has passed. As of the date this action was filed, the

Corps had not provided Friends with the determinations required by 5 U.S.C. § 552(a)(6)(A)(ii)

for Friends' FOIA Appeal. As of the date this action was filed, the Corps had not provided

Friends with an estimated date by which Friends would make the final determinations required

by 5 U.S.C. § 552(a)(6)(A)(ii) for Friends' FOIA Appeal.

41.    As of the date Friends filed this lawsuit, the Corps had failed to provide Friends

with any written notice setting forth any unusual circumstances that would justify extension of

the deadlines set forth in 5 U.S.C. § 552(a)(6)(A)(ii) for Friends' FOIA Appeal. As of the date

this action was filed, the Corps had not provided sufficient written notice to Friends of any unu-

sual circumstances that might warrant the actual delay that occurred in responding to the FOIA

Appeal.

42.    As of the date Friends filed this lawsuit, the Corps had failed to provide Friends

COMPLAINT - 9

Kampmeier & Knutsen PLLC
615 Second Avenue, Suite 360
Seattle, Washington 98104
(206) 223-4088 x 4

with the records, or reasonably segregable portions of the records, that are responsive to Friends'

FOIA Request.

43.     As of the date Friends filed this lawsuit, the Corps had failed to make promptly

available to Friends the records, or reasonably segregable portions of the records, that are respon-

sive to Friends' FOIA Request.

44.     As of the date Friends filed this lawsuit, the Corps had not provided Friends with

an estimated date by which the Corps would disclose to Friends the records, or reasonably segre-

gable portions of the records, that are responsive to Friends' FOIA Request.

45.     The Corps is currently withholding from Friends non-exempt documents that are

responsive to Friends' FOIA Request and that Friends sought through its FOIA Appeal. None of

FOIA's nine exemptions to mandatory disclosure apply to the documents the Corps is currently

withholding from Friends. The Corps has no legal basis for withholding the records that Friends

sought via the FOIA Request.

46.     As of the date this action was filed, the Corps had constructively denied Friends'

FOIA Appeal.

47.     Prior to filing this action Friends fully exhausted all administrative remedies re-

quired by the FOIA. 5 U.S.C. § 552(a)(6)(A), (a)(6)(C).

48.     Friends has been required to expend costs and to obtain the services of a law firm

to prosecute this action.

49.     The filing of this lawsuit was necessary to compel the Corps to make the determi-

nations required by 5 U.S.C. § 552(a)(6)(A)(ii) for Friends' FOIA Appeal. The filing of this law-

suit was necessary to compel the Corps to provide a written deadline by which it would make the

determinations required by 5 U.S.C. § 552(a)(6)(A)(ii) for Friends' FOIA Appeal.

50.     The filing of this lawsuit was necessary to compel the Corps to disclose the non-

COMPLAINT - 10

Kampmeier & Knutsen PLLC
615 Second Avenue, Suite 360
Seattle, Washington 98104
(206) 223-4088 x 4

1  exempt documents that are responsive to Friends' FOIA Request and FOIA Appeal.

2       51.     The Corps could have made the determinations required by 5 U.S.C.

3  § 552(a)(6)(A)(ii) for Friends' Appeal before Friends filed this lawsuit. The Corps could have

4  disclosed the records responsive to Friends' FOIA Request before Friends filed this lawsuit. The

5  Corps could have provided Friends with written estimated completion dates for these actions be-

6  fore Friends filed this lawsuit.

7       52.     Friends claims for relief in this Complaint are not insubstantial.

8       53.     No exceptional circumstances exist that would allow this Court to allow the Corps

9  more time to review and disclose requested record. The Corps has not exercised due diligence in

10  responding to Friends' FOIA Appeal. The delays at issue in this case result from a predictable

11  agency workload of FOIA requests and/or appeals. The Corps has not made reasonable progress

12  in reducing its backlog of pending requests and/or appeals.

13       54.     The circumstances surrounding the withholdings raise questions regarding

14  whether agency personnel acted arbitrarily or capriciously with respect to the withholdings at is-

15  sue in this case.

16       55.     Based on the nature of Friends' professional activities, Friends will continue to

17  employ the FOIA's provisions in information requests to the Corps in the foreseeable future.

18  Friends' professional activities will be adversely affected if the Corps is allowed to continue vio-

19  lating the FOIA's disclosure provisions. Unless enjoined and made subject to a declaration of

20  Friends' legal rights by this Court, the Corps will continue to violate the rights of Friends to re-

21  ceive public records under the FOIA.

22  //

23  //

24  //

COMPLAINT - 11

Kampmeier & Knutsen PLLC
615 Second Avenue, Suite 360
Seattle, Washington 98104
(206) 223-4088 x 4

**CAUSES OF ACTION**

CLAIM 1

VIOLATIONS OF THE FREEDOM OF INFORMATION ACT
IN RESPONDING TO FRIENDS' AUGUST 31, 2017 ADMINISTRATIVE APPEAL:
VIOLATION OF THE DECISION DEADLINES IN THE FOIA

56.     Friends hereby incorporates by reference the allegations in the preceding para-

graphs.

57.     Friends has a statutory right to have the Corps process Friends' FOIA Appeal in a

manner that complies with the FOIA. The Corps violated Friends' rights in this regard when the

Corps unlawfully delayed its response to Friends' FOIA Appeal beyond the deadlines imposed

by the FOIA.

58.     The Corps violated and is violating the FOIA by failing to respond to Friends'

FOIA Appeal by the deadline set forth in 5 U.S.C. § 552(a)(6)(A)(ii).

59.     The Corps' violations of the FOIA with respect to its response to Friends' FOIA

Appeal entitle Friends to an award of reasonable attorneys' fees and other litigation costs pursu-

ant to 5 U.S.C. § 552(a)(4)(E).

CLAIM 2

VIOLATION OF THE FREEDOM OF INFORMATION ACT:
UNLAWFUL CONSTRUCTIVE DENIAL/UNLAWFUL WITHHOLDING

60.     Friends hereby incorporates by reference the allegations in the preceding para-

graphs.

61.     Friends has a statutory right to the records, or portions of records, it seeks. There

is no legal basis for the Corps to withhold the records responsive to Friends' FOIA Request and

FOIA Appeal.

62.     The Corps has violated and is violating Friends' rights by unlawfully withholding

---

COMPLAINT - 12

Kampmeier & Knutsen PLLC
615 Second Avenue, Suite 360
Seattle, Washington 98104
(206) 223-4088 x 4

1   non-exempt documents responsive to Friends' FOIA Request and FOIA Appeal. The Corps' ac-

2   tions in response to Friends' FOIA Request and FOIA Appeal constitute constructive and/or un-

3   lawful denials of Friends' FOIA Request and FOIA Appeal.

4       63.     The Corps' violations of the FOIA with respect to its response to Friends' FOIA

5   Request and FOIA Appeal entitle Friends to an award of reasonable attorneys' fees and other liti-

6

7   gation costs pursuant to 5 U.S.C. § 552(a)(4)(E).

8                                            CLAIM 3

9                     VIOLATIONS OF THE FREEDOM OF INFORMATION ACT:
                      FAILURE TO PROVIDE ESTIMATED COMPLETION DATE
10

11      64.     Friends hereby incorporates by reference the allegations in the preceding para-

12  graphs.

13      65.     The FOIA requires the Corps to assign Friends' FOIA Appeal an individualized

14  tracking number, provide that tracking number to Friends, establish a phone line or internet ser-

15  vice that provides information about the status of Friends' FOIA Appeal, and provide Friends

16
    with an estimated date by which the Corps will complete its response to Friends' FOIA Appeal.
17

18      66.     Friends repeatedly asked the Corps for an estimated date of completion for

19  Friends' FOIA Appeal.

20      67.     The Corps repeatedly violated the FOIA by failing to provide Friends with an es-

21  timated date of completion for Friends' FOIA Appeal.

22      68.     The Corps' failure to provide Friends with an estimated completion date entitles

23  Friends to an award of reasonable attorneys' fees and other litigation costs pursuant to 5 U.S.C. §

24  552(a)(4)(E).
25

26  //

27  //

28

COMPLAINT - 13
Kampmeier & Knutsen PLLC
615 Second Avenue, Suite 360
Seattle, Washington 98104
(206) 223-4088 x 4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLAIM 4

(In the alternative to Claims 1 through 3)

VIOLATIONS OF THE ADMINISTRATIVE PROCEDURE ACT:
FAILURE TO COMPLY WITH THE FOIA IN RESPONDING TO
FRIENDS' ADMINISTRATIVE APPEAL AND FOIA REQUEST

69.     Friends hereby incorporates by reference the allegations in the preceding para-

graphs.

70.     The Corps violated the FOIA by, at a minimum: (a) failing to make the determi-

nations on Friends' FOIA Appeal as required by 5 U.S.C. § 552(a)(6)(A)(ii); (b) failing to dis-

close, and to disclose promptly, non-exempt documents subject to Friends' FOIA Request and

FOIA Appeal; and (c) failing to provide Friends with an estimated completion date for the

Corps' responses to Friends' FOIA Appeal.

71.     Each and every allegation in this claim four is a separate violation of the FOIA for

which this Court can provide relief to Friends under the APA. Making the determinations re-

quired by 5 U.S.C. § 552(a)(6)(A)(ii) on Friends' FOIA Appeal; making responsive documents

available, and promptly available, to Friends; and providing Friends with an estimated comple-

tion date for the FOIA Appeal are all final agency actions unlawfully withheld or unreasonably

delayed that this Court can compel under the APA, 5 U.S.C. § 706(1).

72.     Alternatively, the Corps' decisions not to make the determinations required by

5 U.S.C. § 552(a)(6)(A)(ii); not to make responsive documents promptly available to Friends;

and not to provide an estimated completion date are final agency actions that are arbitrary, capri-

cious, an abuse of discretion, not based on substantial evidence in the record, not in accordance

with the law, or otherwise in violation of the APA, 5 U.S.C. § 706(2), because among other

things those actions do not comply with the FOIA or the Corps' regulations or policies.

73.     Friends is entitled to relief under the APA and to costs of litigation and reasonable

COMPLAINT - 14

Kampmeier & Knutsen PLLC
615 Second Avenue, Suite 360
Seattle, Washington 98104
(206) 223-4088 x 4

1    attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

2                                      **PRAYER FOR RELIEF**

3            WHEREFORE, Friends respectfully requests that the Court:

4            A.        Adjudge and declare that the Corps has violated the FOIA for the reasons set forth

5    above;

6

7            B.        Order the Corps to comply immediately with the FOIA by providing Friends with

8    the required determinations, estimated completion dates, and non-exempt public records subject

9    to Friends' FOIA Request and FOIA Appeal;

10           C.        Declare that Friends is the prevailing party and/or substantially prevailing party in

11   this matter; that the position of the government in this action was not substantially justified; and

12   that there are no special circumstances that make an award of costs and reasonable attorneys'

13

14   fees to Friends unjust;

15           D.        Award Friends its reasonable attorneys' fees and litigation costs pursuant to

16   5 U.S.C. § 552(a)(4)(E) and/or award Friends its reasonable fees, expenses, costs, and disburse-

17   ments, including attorneys' fees associated with this litigation, under the Equal Access to Justice

18   Act, 28 U.S.C. § 2412;

19           E.        Grant Friends such additional relief as the Court may deem just or proper.

20           DATED this 10th day of May 2018.

21
                              s/ Paul A. Kampmeier
22                            Paul A. Kampmeier, WSBA #31560
                              Kampmeier & Knutsen, PLLC
23                            615 Second Avenue, Suite 360
                              Seattle, Washington 98104-2245
24                            Tel: (206) 223-4088 x 4
                              paul@kampmeierknutsen.com
25
                              *Attorneys for Friends of the Earth*
26

27

28

COMPLAINT - 15